# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| ARCTIC CAT INC., | Civil No. 12-2692 (JRT/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER AFFIRMING THE MAY 12, 2014 ORDER OF THE MAGISTRATE JUDGE** |
| BOMBARDIER RECREATIONAL PRODUCTS, INC., and BRP U.S. INC., | |
| Defendants. | |

Annamarie A. Daley, Niall A. MacLeod, and Emily Grande Stearns, **BARNES & THORNBURG, LLP**, 225 South Sixth Street, Suite 2800, Minneapolis, MN 55402, for plaintiff.

Harry C. Marcus, Joseph Farco, and Robert K. Goethals, **LOCKE LORD, LLP**, Three World Financial Center, New York, NY 10281; and Kevin D. Conneely, **STINSON LEONARD STREET LLP**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, for defendants.

This case involves a patent infringement dispute between two snowmobile manufacturers over patents related to internal combustion engines, engine systems, and methods for controlling those engines. Plaintiff, Arctic Cat Inc. ("Arctic Cat") objects to the order of United States Magistrate Judge Leo I. Brisbois denying its motion to strike the prior art statement of Defendants Bombardier Recreational Products, Inc. and BRP U.S., Inc. (collectively, "BRP"). The Court has carefully considered Arctic Cat's timely objections. Because the Court finds that the Magistrate Judge did not err in considering the lack of prejudice to Arctic Cat in denying its motion to strike, the Court will overrule Arctic Cat's objections and affirm the order of the Magistrate Judge.

# BACKGROUND

## I.  DISCOVERY RELATED TO CLAIM CONSTRUCTION

On April 19, 2013, the Court entered a pretrial scheduling order requiring Arctic Cat to serve claim charts on BRP on or before May 10, 2013.  (Pretrial Scheduling Order at 4, Apr. 19, 2013, Docket No. 19.)[1]  BRP's claim charts – indicating which elements on Arctic Cat's charts it admitted were present in the accused products and which it contended were absent – were due on or before July 10, 2013.  (*Id.* at 5.)  BRP was also required to serve prior art statements for each asserted patent within ninety days of receiving Arctic Cat's claim charts.[2]  (*Id.* at 8.)  Within seventy-five days of receiving

---

[1] Arctic Cat's claim charts were to "provide a complete and detailed explanation of:"

(i)    which claim(s) of the asserted patent(s) it alleges are being infringed;

(ii)   which specific products of Defendants it alleges literally infringe each claim;

(iii)  where each element of each claim listed in [(i)] is found in each product listed in [(ii)], including the basis for each contention that the element is present; and

(iv)  if there is a contention by Plaintiff that there is infringement of any claims under the doctrine of equivalents, Plaintiff must separately indicate this on its claim charts and, in addition to the information required for literal infringement, Plaintiff must also explain each function, way, and result that they contend are equivalent, and why it contends that any differences are not substantial.

(Scheduling Order at 4-5.)

[2] BRP's prior art statements were to list:

all the prior art on which they rely and a complete and detailed explanation of their allegations with respect to:

(Footnote continued on next page.)

BRP's prior art statements, Arctic Cat was required to serve its own prior art statements responding to any allegations of invalidity set out in BRP's prior art statements. (*Id.* at 8-9.)  The scheduling order provides that amendments to the claim charts and prior art statements may only be made with "leave of the Court for good cause shown." (*Id.* at 5, 8-9.)

Arctic Cat served its claim charts on BRP on May 13, 2013.  (Fifth Decl. of Annamarie A. Daley ¶ 2, May 27, 2014, Docket No. 116.)   BRP objected to the sufficiency of these charts and Arctic Cat agreed to make amendments. (*Id.* ¶ 3.)[3]  Arctic

_____

(Footnote continued.)

     (i)      which claim(s) alleged to be infringed are invalid;

     (ii)     which specific prior art, if any, invalidates each claim;

     (iii)    where in such prior art each element of the allegedly invalid claims may be found; and

     (iv)    whether a basis for invalidity other than prior art is alleged, specifying what the basis is and whether such allegation is based upon 35 U.S.C. §§ 101, 102, 103 and 112, or another statutory provision.

(Scheduling Order at 8.)

[3] After Arctic Cat had agreed to make amendments to its claim charts, BRP brought a motion to compel the amendment of those charts.  (Mot. to Compel, June 26, 2013, Docket No. 22.)  At a July 11, 2013 hearing on that motion, (Minute Entry, July 11, 2013, Docket No. 44) the Magistrate Judge explained "[a]s far as [BRP]'s motion to compel an amended claim chart by the plaintiff, I see no substantive issue there.  They've agreed to do that. . . . [W]hat it really comes down to, again, is the parties have failed to meet and agree on how to amend the pre-trial order in order to accommodate that" (Tr. at 12, July 16, 2013, Docket No. 46).  The Magistrate Judge noted that the motion really involved issues regarding "changing the scheduling order in order to allow the additional discovery that Arctic Cat needs to prepare its amended claim chart."  (*Id.* at 12-13.)  Therefore, the Magistrate Judge denied the motion to compel, subject to an order that the parties were to "meet and confer within seven business days and submit joint proposed amended schedule to accommodate the claims and non-infringement claims chart exchanges."  (*Id.* at 15.)

Cat served BRP with the amended charts on November 8, 2013.  (*Id.* ¶ 4.)  On December 19, 2013, BRP filed a motion to compel claim charts on the basis that the amended charts were substantively deficient and failed to provide the detailed explanation required by the Court's scheduling order.  (Mot. to Compel, Dec. 19, 2013, Docket No. 66; Mem. in Supp. of Mot. to Compel at 1, 9, Dec. 19, 2013, Docket No. 68.)[4]  The Magistrate Judge denied the motion, finding that Arctic Cat's amended claim charts were not deficient.  (Order, Feb. 4, 2014 at 10-11, Docket No. 79.)  The Court ordered BRP to file its own claim charts by February 18, 2014, (*id.* at 11), which BRP did, (Fifth Daley Decl. ¶ 7).  BRP then served its prior art statement on April 4, 2014.  (*Id.* ¶ 8.)

## II.    MOTION TO STRIKE

On April 10, 2014, Arctic Cat brought a motion pursuant to Federal Rules of Civil Procedure 16(f)(1) and 37(b)(2)(A), requesting that the Court strike BRP's prior art statement and prohibit BRP from supporting its claims or defenses with "any information that was, or should have been, contained in its Prior Art Statement."  (Mot. to Strike at 1, Apr. 10, 2014, Docket No. 82.)  Arctic Cat argued that BRP's prior art statement should

---

[4] In addition to BRP's two motions to compel Arctic Cat's claim charts, the parties have filed five additional motions to compel various discovery.  (Arctic Cat's Mot. to Compel 30(b)(6) Deps., June 27, 2013, Docket No. 31; Arctic Cat's Mot. to Compel Interrog. Resps., Oct. 7, 2013, Docket No. 53; Arctic Cat's Mot. to Compel Disc. Resps., Apr. 10, 2014, Docket No. 88; BRP's Mot. to Compel 30(b)(6) Test. & Interrog. Resps., Apr. 10, 2014, Docket No. 93; Arctic Cat's Mot. to Compel Compliance with Disc. Orders & Produc. of Docs., June 19, 2014, Docket No. 123.)

be stricken as untimely under the scheduling order.  (Mem. in Supp. of Mot. to Strike at

1, Apr. 10, 2014, Docket No. 84.)  Arctic Cat contended that BRP's prior art statement

was due on August 12, 2013 – ninety days after Arctic Cat served its initial claim charts

on May 13, 2013 – but that they did not serve it until almost eight months later on

April 4, 2014.  (*Id.* at 2.)

## III.   MAGISTRATE JUDGE'S ORDER

The Magistrate Judge held a hearing on Arctic Cat's motion to strike on April 24,

2014.  (Minute Entry, Apr. 24, 2014, Docket No. 109.)  On May 12, 2014, the Magistrate

Judge issued an order denying Arctic Cat's motion to strike.  (Order, May 12, 2014,

Docket No. 110.)  The Magistrate Judge began by calculating when BRP's prior art

statement was due, noting that "[d]ue to the parties' mutual delays and failure to follow

the deadlines prescribed in the Court's existing Pretrial Scheduling Order, [Docket

No. 19], it is somewhat unclear when precisely BRP should have produced its Prior Art

Statement."  (*Id.* at 4.)  The Magistrate Judge explained that "[i]n light of the agreed upon

amendment of Arctic Cat's claim charts, using Arctic Cat's original claim chart

disclosure date of May 13, 2013, to calculate BRP's Prior Art Statement deadline would

be somewhat disingenuous" and given Arctic Cat's delay in producing the amended

charts "BRP's 90-day window to serve its Prior Art Statement more appropriately should

have been calculated from Arctic Cat's November 8, 2013, amended claim charts

disclosure."  (*Id.*)  Using November 8, 2013 as a starting point, the Magistrate Judge

determined that BRP's prior art statement was due on or before February 6, 2014, making its April 4, 2014 disclosure untimely.  (*Id.*)

The Magistrate Judge then explained that BRP's untimely disclosure was based upon its "unilateral[]" and "incorrect[]" presumption "that it was entitled to an extension simply by virtue of filing its Motion to Compel Amended Claim Charts."  (*Id.*)  The Magistrate Judge noted that "BRP should have (1) consulted with Arctic Cat to possibly seek a stipulated extension, or (2) approached the Court for an explicit extension/amendment to the scheduling order" rather than making the decision to wait to produce the prior art statements until after the Court's resolution of its motion to compel amended claim charts.  (*Id.*)

With respect to Arctic Cat's position that BRP's prior art statement was due ninety days after the May 2013 production of Arctic Cat's claim charts, the Magistrate Judge explained that Arctic Cat was incorrect "because both parties acknowledged that the original charts were not yet then in their final form . . . and Arctic Cat agreed to voluntarily produce amended charts" but "unfortunately, significant time was allowed to slip by because Arctic Cat delayed (and BRP acquiesced) in serving the amended claim charts until November 8, 2013."  (*Id.* at 5.)  The Magistrate Judge noted that:

> The reality is that both parties have **dragged** this case along, unnecessarily rendering moot or unrealistic many of the deadlines currently set forth in the Court's existing Pretrial Scheduling Order, [Docket No. 19].  Neither party has been entirely diligent; both are responsible for complicating the scheduling order and delaying the present case at multiple junctures.

(*Id.* (emphasis in original).)  In light of this mutual responsibility for the delay, the parties' recognition that the existing pretrial scheduling order required amendment, and

"because Arctic Cat bases its motion to strike only on the allegedly untimely service of BRP's Prior Art Statement without articulating any real prejudice it may sustain as a result of BRP's 'untimely' Prior Art Statement'" the Magistrate Judge denied the motion to strike.  (*Id.*)  With respect to prejudice specifically, the Magistrate Judge concluded that "[t]he present record is entirely devoid of any actual prejudice to Arctic Cat. Furthermore, any potential prejudice will otherwise be wholly remedied by the Court's forthcoming Amended Pretrial Scheduling Order . . . ." (*Id.*)

The Magistrate Judge entered an amended pretrial scheduling order on May 12, 2014.  (Am. Pretrial Scheduling Order, May 12, 2014, Docket No. 111.)  The amended scheduling order requires Arctic Cat to serve its responsive prior art statement seventy-five days after April 4, 2014, and sets a deadline for fact discovery of September 1, 2014. (*Id.* at 4, 10.)

Arctic Cat filed timely objections to the Magistrate Judge's order, arguing that the Magistrate Judge abused his discretion when he declined to strike BRP's prior art statement on the basis that Arctic Cat had not demonstrated prejudice rather than requiring BRP to show good cause for failing to comply with the deadlines set forth in the scheduling order.

## ANALYSIS

### I.    STANDARD OF REVIEW

The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential.  *Roble v. Celestica Corp.*,

627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn*, 254 F.R.D. 554, 556 (D. Minn. 2008) (internal quotation marks omitted).

## II.    UNTIMELY DISCLOSURE

The Magistrate Judge relied upon both Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A) in denying Arctic Cat's motion to strike. Rule 16 "permits the district court to set deadlines for the disclosure of evidence and to impose sanctions on a party for failing to meet a deadline." *Firefighter's Inst. for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 902 (8th Cir. 2000). Specifically, Rule 16(f) provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Rule 37, in turn provides that if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders" including, "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" or

"striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(ii), (iii).  The Eighth Circuit has held that exclusion of evidence is an appropriate sanction for violation of a scheduling order's deadlines "[u]nless the failure to meet a deadline was either harmless or substantially justified." *Firefighter's Inst.*, 220 F.3d at 902.

Arctic Cat argues that the Magistrate Judge's denial of its motion to strike was contrary to law because he "require[ed] Arctic Cat to show prejudice." (Objections at 7, May 27, 2014, Docket No. 115.)  Specifically, Arctic Cat argues that "[r]ather than require Arctic Cat – the innocent party – to prove prejudice as a result of the conduct of BRP – the offending party – Judge Brisbois should have required BRP to show good cause for amending the Scheduling Order." (*Id.* (citing Fed. R. Civ. P. 16(b)(4).)  Arctic Cat's objections are based on its characterization of BRP's untimely service of its prior art statement as a unilateral amendment of the Court's scheduling order "without good cause and without seeking permission from the Court." (Objections at 6; *see also id.* at 7 ("BRP usurped Judge Brisbois's authority and unilaterally modified the deadline for serving its Prior Art Statement . . . .").)

The Court concludes that Arctic Cat's objections do not demonstrate error in the Magistrate Judge's order due to his consideration of prejudice, because the objections misapprehend the nature of Rule 16.  Arctic Cat is correct that Rule 16(b)(4) governs the modification of a scheduling order and provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  But BRP's untimely service of its prior art statements was not a modification of the scheduling order.  Instead, BRP's conduct was a "fail[ure] to obey a scheduling . . . order" which

afforded the Court the discretion to issue an appropriate sanction under Rule 16(f). *See* Fed. R. Civ. P. 16(f)(1)(C). The two inquiries – amendment of a scheduling order and sanctions for failure to comply with a scheduling order – are distinct, and motions seeking sanctions for failure to comply with a scheduling order (like Arctic Cat's motion to strike) are analyzed under the standards for sanctions rather than under the standards for amendment of the scheduling order. *See Firefighter's Inst.*, 220 F.3d at 902 (analyzing the propriety of a motion to strike a late-filed expert report under the court's authority to sanction, not the authority to modify a scheduling order upon a showing of good cause); *Transclean Corp. v. Bridgewood Servs., Inc.*, 101 F. Supp. 2d 788, 795-96 (D. Minn. 2000) (analyzing a motion to exclude a late-filed expert report under the standards governing Rule 16(f) and 37(c)(1) sanction authority rather than good cause standard of scheduling order amendment).

In other words, under Rule 16(b)(4) demonstration of good cause by the moving party is the most relevant consideration for modification of a scheduling order, and prejudice to the other party is therefore not typically considered. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008) ("While the prejudice to the nonmovant resulting from the modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines."). But the Court's discretion to impose sanctions – which power was at issue in Arctic Cat's motion to strike – is not so limited. Contrary to Arctic Cat's contention, failure to find good cause does not automatically require the Court to impose sanctions for failure to comply with a scheduling order under

Rule 16(f).  *See Ackerman v. PNC Bank, Nat'l Ass'n*, Civ. No. 12-42, 2014 WL 258565, at *2 (D. Minn. Jan. 23, 2014) (rejecting "Plaintiff's contention that Fed. R. Civ. P. 37(b)(2)(A) 'dictates' that sanctions 'must be awarded' against a party who fails to obey a discovery order.  Instead, Rule 37(b)(2)(A) vests courts with broad discretion to issue sanctions for failure to comply with discovery orders."[5] (citation omitted)).  Furthermore, courts are allowed to consider prejudice when determining whether an award of sanctions for failure to comply with a scheduling order would be "just."  *See* Fed. R. Civ. P. 16(f)(1)(C); *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992) ("The materiality of the issue on which discovery is withheld and the difficulty posed to the opponent by the withholding are certainly relevant factors in assessing the 'justice' of a sanctions order."); *see also Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 940-41 (8th Cir. 2000) (examining prejudice to the other party in the context of sanctions under Rule 37(b)(2)(C)); *Firefighter's Inst.*, 220 F.3d at 902 (explaining that courts have discretion to order exclusion of untimely discovery "[u]nless the failure to meet a deadline was either harmless or substantially justified"); *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 255 F.R.D. 645, 649-652 (N.D. Iowa 2009) (explaining that

---

[5] The same standards developed with respect to Rule 37(b)(2) sanctions have been applied to sanctions sought under Rule 16(f).  *See* Fed. R. Civ. P. 16 Advisory Committee Notes, 1983 Amendment ("Rule 16(f) incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery.  This should facilitate application of Rule 16(f), since courts and lawyers already are familiar with the Rule 37 standards."); *Schubert v. Pfizer, Inc.*, 459 F. App'x 568, 573-74 (8th Cir. 2012) (analyzing a sanctions award under Rule 37(b)(2) and Rule 16(f) using the same standard); *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1557 (10th Cir. 1996) ("The identical standard of review applies for sanctions imposed pursuant to Rule 16(f) or Rule 37(b)(2).").

"the surprise and prejudice to the opposing party" was a relevant factor when considering a motion to strike late-filed exhibits related to prior art (internal quotations omitted)). Here, the Magistrate Judge was exercising his discretion to order sanctions under Rules 16(f) and 37(b)(2)(C) and therefore properly considered a lack of prejudice to Arctic Cat in denying the motion to strike.[6]

Finally, Arctic Cat argues that even if prejudice is a relevant consideration, it has suffered prejudice as a result of BRP's untimely disclosure.  Arctic Cat contends that it

> is prejudiced because it will be impossible to conduct the discovery needed to defend itself with respect to the 18 prior art references BRP belatedly served.  Some of the prior art cited has been in BRP's possession since this case began in 2011, yet BRP waited until right before midnight on April 4, 2014 to disclose it to Arctic Cat.

(Objections at 10.)  Arctic Cat also argues generally that BRP has been uncooperative in complying with "Arctic Cat's need for additional discovery on BRP's prior art claims" and that certain disclosures in BRP's prior art statement are prejudicial because BRP "disclosed little about this snowmobile prior to its April 4, 2014 Prior Art Statement." (*Id.* at 10-11.)

The Court concludes that, based on these representations, the Magistrate Judge's conclusion that Arctic Cat failed to demonstrate "actual prejudice" is neither clearly

---

[6] The Court notes that the Magistrate Judge's decision to deny Arctic Cat's motion to strike was based on more than a finding of no prejudice.  Specifically, the Magistrate Judge noted that part of BRP's delay in serving its prior art statement was Arctic Cat's own six-month delay in serving its amended claim charts, and that sanctions were inappropriate where both parties "are responsible for complicating the scheduling order and delaying the present case at multiple junctures." (Order at 5.)  Because Arctic Cat's objections focus exclusively on the Magistrate Judge's reliance on a finding of no prejudice in denying the motion to strike, the Court has focused its analysis in the present order on the prejudice determination.

erroneous nor contrary to law.  (Order at 5.)  All of the supposed prejudice identified by Arctic Cat goes to the fact of BRP's production of its prior art statements, not the timing of the disclosure.  In other words, all of Arctic Cat's argument would apply with equal force even if BRP had served its prior art statement on February 6, 2014 (ninety days after Arctic Cat served its amended claim charts) rather than on April 4, 2014, suggesting that the prejudice is not related to the delay in service but instead to the content of the prior art statements – which was not a violation of the scheduling order, and therefore cannot be the basis of an exclusionary sanction.  Arctic Cat has not demonstrated that this two-month delay is the cause of its inability to conduct the necessary discovery – especially in light of the fact that, on the same day it denied Arctic Cat's motion to strike, the Court extended the deadline for fact discovery by almost five months – from April 15, 2014 to September 1, 2014.  (Pretrial Scheduling Order at 3; Am. Pretrial Scheduling Order at 10.)  Arctic Cat's attempt to show prejudice based on BRP's knowledge of the content of its prior art disclosures since 2011 and its failure to disclose more information about the content of the prior art statements prior to their service is similarly unavailing. Arctic Cat has identified no provision of the scheduling order which required BRP to disclose this knowledge in 2011.  Therefore, BRP's failure to provide information to Arctic Cat in 2011 is irrelevant to the question of whether BRP's two-month delay in the spring of 2014 prejudiced Arctic Cat.  Finally, Arctic Cat's other claim of prejudice based on BRP's failure to cooperate in other discovery matters is not an issue to be dealt with by striking this particular discovery material.  The Court is confident that Arctic Cat is capable of filing the necessary motions to compel to address other discovery matters.

Therefore, the Court will overrule Arctic Cat's objections, and affirm the Magistrate Judge's order.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Objections [Docket No. 115] are **OVERRULED** and the May 12, 2014 Order of the Magistrate Judge [Docket No. 110] is **AFFIRMED**.

DATED:  August 14, 2014
at Minneapolis, Minnesota.

s/ John R. Tunheim

JOHN R. TUNHEIM
United States District Judge