**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

ARCTIC CAT INC.,

Plaintiff,

v.

BOMBARDIER RECREATIONAL PRODUCTS, INC. AND BRP U.S. INC.,

Defendants.

Civil No. 12-2692 (JRT/LIB)

**MEMORANDUM OPINION AND ORDER AFFIRMING ORDER OF MAGISTRATE JUDGE DATED OCTOBER 16, 2014**

Annamarie A. Daley, Niall A. MacLeod, and Emily Grande Stearns, **BARNES & THORNBURG LLP**, 225 South Sixth Street, Suite 2800, Minneapolis, MN 55402, for plaintiff.

Harry C. Marcus, Joseph Farco, and Robert K. Goethals, **LOCKE LORD LLP**, Three World Financial Center, New York, NY 10281, Kevin D. Conneely, **STINSON LEONARD STREET LLP**, 150 South Fifth Street, Suite 2300, Minneapolis MN 55402, for defendants.

This discovery dispute arises out of Plaintiff Arctic Cat, Inc.'s ("Arctic Cat") allegations that Defendants Bombardier Recreational Products, Inc. and BRP US Inc. (collectively "BRP") infringed on Arctic Cat's patent rights. Arctic Cat's infringement claim concerns five engine ignition timing patents and BRP counterclaims non-infringement and invalidity. On October 16, 2014, United States Magistrate Judge Leo I. Brisbois granted Arctic Cat's motion to compel BRP to complete Arctic Cat's requests for admission. BRP objected on October 30, 2014, arguing that Federal Rule of Civil Procedure 6, which extends the period for taking action when the final day of a time period is a Saturday, Sunday, or a holiday, was used erroneously to move back the

discovery deadline set out in the Amended Pretrial Scheduling Order ("APSO"). Because BRP has not demonstrated that the order was clearly erroneous, the Court overrules BRP's objection.

## BACKGROUND

Arctic Cat commenced this litigation on October 19, 2012 alleging five counts of patent infringement by BRP. (Compl. ¶¶ 19, 24, 29, 34, 39, October 19, 2012, Docket No. 1.) Arctic Cat's infringement claims concern five of their engine-ignition timing patents. (*Id.* ¶¶ 7–17.) BRP counterclaims, arguing that there was no infringement and that the patents claimed by Arctic Cat are invalid. (Counterclaims at ¶¶ 1–28, Jan. 10, 2013, Docket No. 9.)

On August 1, 2014, Arctic Cat served BRP with Requests for Admission. (Decl. of Emily Grande Stearns, Ex. 10, Oct. 1, 2014, Docket No. 183.) On August 15, 2014, BRP responded that the requests for admission were untimely and they therefore had no obligation to answer. (*Id.* Ex. 12 at 2.)

The APSO established that fact discovery must be commenced in time to be completed by September 1, 2014. (Am. Pretrial Scheduling Order at 4–5, May 12, 2014, Docket No. 111.) Requests for Admission are identified in the APSO under "fact discovery" subject to that deadline. (*Id.*) Federal Rule of Civil Procedure 36, which governs requests for admission, states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . ." Fed. R. Civ. P. 36(a)(3). Following the

August 1, 2014 service of requests, BRP had thirty days to respond. That thirty day time period ended on Sunday, August 31, 2014, the day before Labor Day, a federal holiday. Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), that thirty day response period therefore extended to Tuesday, September 2, which is beyond the September 1 deadline outlined in the APSO.

Arctic Cat filed a Motion to Compel regarding three issues including BRP's response to the requests for admission sent as the APSO deadline was imminent. (Mot. to Compel, October 1, 2014, Docket No. 180.) At an October 15, 2014 motion hearing, the Magistrate Judge granted Arctic Cat's motion to compel BRP to supplement its responses to two of Arctic Cat's interrogatories. (Minute Entry, Oct. 15, 2014, Docket No. 190.) In a subsequent order, the Magistrate Judge denied Arctic Cat's motion to reconvene a deposition of BRP for an additional three hours on BRP's "alleged design around efforts," but granted Arctic Cat's motion to compel BRP to respond to Arctic Cat's Third Set of Requests for Admission. (Order, at 7, Oct. 16, 2014, Docket No. 196.) BRP now objects to the Magistrate Judge's decision to grant the motion to compel its response to the Requests for Admission. (Objections, Oct. 30, 2014, Docket No. 201.)

## ANALYSIS

### I. STANDARD OF REVIEW

A magistrate judge has broad discretion over matters of discovery. *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 238 (D. Minn. 2013). A district court's review of a magistrate judge's order on a nondispositive matter is "extremely deferential." *Roble v.*

*Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980). The Court will reverse such an order only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). For an order to be clearly erroneous, the district court must have a "definite and firm conviction that a mistake has been made." *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)).

## II. BRP'S OBJECTIONS

BRP argues that the Magistrate Judge's order compelling its response to Arctic Cat's third set of Requests for Admissions was contrary to law and left the parties confused as to the application of Federal Rule of Civil Procedure 6(a) in this case. Rule 6(a), in part, clarifies how to calculate deadlines under the rules when an established time period ends on a Saturday, Sunday, or legal holiday. *See e.g.*, Fed. R. Civ. P. 6(a)(1)(C). It applies to periods of time like that in Rule 36(a)(3) which gives parties thirty days to respond to discovery requests. It does not apply to fixed times, like the September 1, 2014 deadline in the APSO. Fed. R. Civ. P. 6(a), Advisory Committee Notes (2009 Amendments). BRP argues that a Rule 6(a) extension is mandatory, applies automatically, and is not discretionary. A party may ask for a discretionary time extension under Fed. R. Civ. P. 6(b).

Because Rule 6(a) is mandatory and the Request for Admission therefore violates the deadline in the APSO, BRP argues that there is no legal basis for the Magistrate

Judge's order compelling it to respond to the Request for Admission. In the order, the Magistrate Judge noted that Rule (6)(a) protects parties subject to response periods so that they are not injured if a response period ends on a day that they are unable to complete service. (Order at 6.) The order reasoned that since this rule benefits responding parties like BRP by providing them with more time to reply due to weekends and holidays, BRP should not be able to use the rule to avoid its discovery obligations. (*Id.*) BRP suggests that because the rule is mandatory and not optional, it is irrelevant who the rule benefits. BRP additionally notes that the purpose of 6(a) is not to benefit parties, but to promote simplicity and uniformity, and that the Magistrate Judge's ruling confusingly detracts from the simple uniformity of the rule.

While the 2009 Advisory Committee Notes strictly and rigidly interpret Rule 6 to apply only to time periods "computed" under the rule, legal commentators, as well as some courts, have interpreted Rule 6 more broadly, even applying the rule both to time periods computed under the Federal Rules *and* specified deadlines, such as the deadline in the APSO in this case. *Ewald v. Royal Norwegian Embassy*, No. 11-CV-2116 (SRN/SER), 2013 WL 2631876, at *3–*4 (D. Minn. June 12, 2013). This more liberal approach stems from a court's broad discretion to manage its own affairs, including its calendars. *Id.*

Throughout this case, the Magistrate Judge took into account simplicity and uniformity, and amended the Pretrial Scheduling Order accordingly. In the APSO, the Magistrate Judge recognized that both parties had been dilatory and had not been efficient in moving this case forward. (Am. Pretrial Scheduling Order at 1–2 n.2.) The

Magistrate Judge was within his discretion in adopting the APSO, in response to the parties' dilatory behavior. Moreover, the Magistrate Judge was within his discretion, especially given the power of the court to control its calendar and interpret and apply rules like Rule 6, to conclude that Arctic Cat's August 1, 2014 Request for Admissions was not untimely. In light of the discretion courts have in managing their calendars and the deference this Court affords a Magistrate Judge's discovery rulings, this Court finds that BRP's objections fail to establish that the Magistrate Judge's October 16, 2014 Order was clearly erroneous or contrary to law.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Objection [Docket No. 201] is **OVERRULED** and the Magistrate Judge's October 16th, 2014 Order [Docket No. 196] is **AFFIRMED**.

DATED: December 16, 2014
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge