# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| ARCTIC CAT INC., | Civil No. 12-2692 (JRT/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES** |
| BOMBARDIER RECREATIONAL PRODUCTS, INC. and BRP U.S. INC., | |
| Defendants. | |

Aaron A. Myers and Niall A. MacLeod, **KUTAK ROCK LLP**, 60 South Sixth Street, Suite 3400, Minneapolis, MN 55402, for plaintiff.

Harry C. Marcus, Joseph Farco, and Robert K. Goethals, **LOCKE LORD LLP**, Three World Financial Center, New York, NY 10281, Kevin D. Conneely and Ruth A. Rivard, **STINSON LEONARD STREET LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for defendants.

Arctic Cat Inc. brought this patent-infringement action against Bombardier Recreational Products, Inc. ("BRP"), alleging that BRP's snowmobile engines infringe several of Arctic Cat's patents related to engine ignition-timing systems. BRP prevailed and now moves for an award of attorney fees. Because this case was not exceptional, the Court will deny BRP's motion.

## BACKGROUND

This patent case involved ignition-timing systems in snowmobile engines. Arctic Cat filed this patent-infringement action against BRP, alleging that certain BRP

- 1 -

snowmobile engines (the "Accused Products") infringed five of Arctic Cat's patents: U.S. Patent No. 6,951,203 ("the '203 Patent"), U.S. Patent No. 7,258,107 ("the '107 Patent"), U.S. Patent No. 6,237,566 ("the '566 Patent"), U.S. Patent No. 6,371,082 ("the '082 Patent"), and U.S. Patent No. 6,550,450 ("the '450 Patent") (collectively "the Patents-in-Suit"). (Compl. ¶¶ 11-16, 18-42, Oct. 19, 2012, Docket No. 1.)

BRP prevailed. The parties settled all disputes related to the '203 Patent. (Stip. of Dismissal, Jan. 20, 2015, Docket No. 211; Order, Oct. 16, 2017, Docket No. 435.) The Court held all asserted claims of the '107 Patent invalid as indefinite under 35 U.S.C. § 112. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.* (*Arctic Cat I*), No. 12-2692, 2016 WL 6832623, at *17 (D. Minn. Nov. 18, 2016).[1] And the Court granted BRP summary judgment of noninfringement of all asserted claims of the '566 Patent, the '082 Patent, and the '450 Patent. *Arctic Cat, Inc. v. Bombardier Recreational Prod. Inc.* (*Arctic Cat II*), No. 12-2692, 2018 WL 654218, at *11 (D. Minn. Jan. 2, 2018).[2] Arctic Cat did not appeal.

BRP now moves for an award of approximately $2.9 million in "attorney fees, expert witness fees, and expenses." (Defs.' Mem. in Supp. at 3, Jan. 17, 2018, Docket No. 440.) Because this case does not stand out from others with respect to the substantive strength of Arctic Cat's litigating position or the manner in which the case was litigated, the Court will deny BRP's motion.

---

[1] (*See also* Mem. Op. & Order at 38-39, Nov. 18, 2016, Docket No. 245; Order ¶ 4, Dec. 23, 2016, Docket No. 248.)

[2] (*See also* Mem. Op. & Order at 24, Jan. 2, 2018, Docket No. 436; J., Jan. 3, 2018, Docket No. 437.)

**DISCUSSION**

**I.     STANDARD OF REVIEW**

In patent cases, a court may award "reasonable attorney fees" to the prevailing party when the case is "exceptional." 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). The Court has discretion to award attorney fees on a case-by-case basis, considering the totality of the circumstances. *Id.* In assessing the totality of the circumstances, courts consider "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

**II.    BRP'S MOTION FOR ATTORNEY FEES**

Considering the totality of the circumstances, neither the substantive strength of Arctic Cat's litigating position nor the manner in which the case was litigated support finding this case "exceptional" under § 285.

**A.     Substantive Strength**

Although Arctic Cat's case was not strong enough to survive summary judgment, its positions were not so weak as to support finding this case "exceptional."

### 1. Indefiniteness

With respect to the '107 Patent, BRP prevailed at claim construction on an indefiniteness challenge. The Court held that the terms "normal operating conditions" and "low temperature operating conditions" were indefinite. *Arctic Cat I*, 2016 WL 6832623, at *17. Arctic Cat's position – that those terms were not indefinite – was not so substantively weak as to support an attorney-fees award.

Issued patents are presumed valid, and an accused infringer must prove invalidity by clear and convincing evidence. 35 U.S.C. § 282; *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011). Moreover, terms of degree (e.g., "normal" or "low") are not inherently indefinite. *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1370 (Fed. Cir. 2014). Here, only after a thorough review of the intrinsic record and after also considering extrinsic testimony did the Court agree with BRP's second argument on indefiniteness and conclude that there were no "objective boundaries for determining what constitutes 'normal' or 'low temperature.'" *Arctic Cat I*, 2016 WL 6832623, at *14, 17. The Court rejected BRP's first argument: that the terms "normal operating conditions" and "low temperature operating conditions" referred to unknown objects. *Id.* at *14. The Court found that "a person of ordinary skill in the art would understand that the phrases at issue refer[red] to a two-stroke engine." *Id.* Overall, the substantive strength of Arctic Cat's litigation position with respect to the '107 Patent does not weigh in favor of finding this case exceptional.

### 2. Noninfringement

With respect to the '566 Patent, the '082 Patent, and the '450 Patent, BRP prevailed at summary judgment on its noninfringement defense. *Arctic Cat II*, 2018 WL 654218, at *11. The Court held (1) that no reasonable jury could find that the Accused Products literally "select" ignition patterns based on sensed exhaust gas temperature and (2) that prosecution history estoppel prevented Arctic Cat from asserting the doctrine of equivalents as to the "select" limitation. *Id.* at *4, 9. Arctic Cat's position – that there was a genuine dispute of material fact as to whether the Accused Products "select" ignition patterns based on sensed exhaust gas temperature, either literally or under the doctrine of equivalents – was not so substantively weak as to support an attorney-fees award.

To be sure, on literal infringement, Arctic Cat was captaining a sinking ship. The parties agreed that "select" had its plain and ordinary meaning – for example, to "pick" or "choose." *Id.* at *4. As the Court's summary-judgment order made clear, Arctic Cat presented no evidence that the "ignition patterns" it identified in its expert's Final Output Maps were "selected" by the controller in the Accused Products. *Id.* Rather, those patterns were **produced** by the controller. *Id.*

But Arctic Cat's case likely would have presented a compelling theory of infringement by equivalents under the function-way-result test. *See id.* at *5-6. It was only after the Court found that prosecution history estoppel applied that BRP was able to prevail at summary judgment. *Id.* at *7-9. That prosecution-history-estoppel issue was both a difficult and close one. At the outset, the Court had to find that a statement made during prosecution constituted a "clear and unmistakable surrender[] of subject matter." *Id.* at *7-

8 (quoting *Cordis Corp. v. Medtronic Ave, Inc.*, 511 F.3d 1157, 1177 (Fed. Cir. 2008)). That was not an easy standard for BRP to meet. *See, e.g.*, *Arctic Cat I*, 2016 WL 6832623, at *8 (finding no disclaimer elsewhere in the prosecution history). Then, the Court had to compare the disclaimer to Arctic Cat's equivalency position. *Arctic Cat II*, 2018 WL 654218, at *8-9. Only after determining that Arctic Cat's equivalency position necessarily overlapped with the "input" description of the disclaimer did the Court find that prosecution history estoppel barred Arctic Cat from asserting the doctrine of equivalents for the "select" limitation. *Id.* at *9. BRP may have prevailed at summary judgment, but just barely.[3] Overall, the substantive strength of Arctic Cat's litigation position with respect to the "select" limitation does not weigh in favor of finding this case exceptional.[4]

### B. Manner in Which Litigation Was Conducted

Arctic Cat did not litigate in an unreasonable manner that would support finding this case "exceptional." First, BRP argues that Arctic Cat failed to conduct a reasonable pre-suit investigation. The Court disagrees. Arctic Cat's then-in-house counsel states that "there was a diligent pre-suit investigation," and the Court credits his sworn statement. (*See* Decl. of Michael Okerlund ("Okerlund Decl.") ¶ 4, Feb. 7, 2018, Docket No. 447.) Moreover, the Complaint alleged that specific models of BRP snowmobiles infringed

---

[3] There were no alternative grounds on which the Court relied in granting BRP summary judgment. The Court rejected BRP's other arguments that Arctic Cat could not assert the doctrine of equivalents. *Arctic Cat II*, 2018 WL 654218, at *5-7, 9-10. And the Court rejected BRP's other noninfringement arguments. *Id.* at *3-4.

[4] BRP's motion for attorney fees focuses entirely on literal infringement and ignores the doctrine of equivalents.

*(footnote continued on next page)*

- 6 -

specific Arctic Cat patents, strongly suggesting that Arctic Cat performed a reasonable pre-suit assessment of its case.  (*See* Compl. ¶¶ 19, 24, 29, 34, 39.)[5]

Second, BRP argues that Arctic Cat engaged in "abusive" litigation practices.  Again, the Court disagrees.[6]  BRP claims, without evidence, that Arctic Cat filed this action "as a retaliatory action in response to BRP's patent infringement action against Arctic Cat." (Defs.' Mem. in Supp. at 7.)  But this alleged motivation is questionable in light of Arctic Cat's small size relative to BRP.  (*See* Okerlund Decl. ¶¶ 8-10.)  Also undermining BRP's retaliatory-motivation theory is the fact that Arctic Cat prevailed against BRP in a different patent-litigation case in Florida, suggesting that Arctic Cat's motivation in bringing this action was simply to assert its rights, like it did in Florida.  *See Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1357-58 (Fed. Cir. 2017).

Third, BRP argues that Arctic Cat initiated then abandoned a parallel ITC investigation.  There is nothing unreasonable about pursuing an ITC investigation in parallel with district-court litigation because the two proceedings offer different remedies. *E.g.*, *Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1563-64 (Fed. Cir. 1996).

---

[5] The Court finds excusable the fact that Arctic Cat, at the time it filed this action, was unaware of closed, decade-old litigation involving two of the five Patents-in-Suit. (*See* Okerlund Decl. ¶¶ 5-7.)

[6] Arctic Cat's assertion of 109 claims from five patents – while perhaps a bit excessive – was not unreasonable given that many of these claims "rose and fell together." (Pls.' Opp'n at 33.)

*(footnote continued on next page)*

Moreover, the Court finds that Arctic Cat abandoned its ITC case for budget reasons, not because of the ITC's claim-construction ruling. (Okerlund Decl. ¶¶ 11-12.)[7]

In sum, the Court finds – considering the totality of the circumstances – that this is not an exceptional case. This case does not stand out "from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756. Accordingly, the Court will deny BRP's Motion for Attorney Fees.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Attorney Fees [Docket No. 438] is **DENIED**.

DATED: July 19, 2018             _____s/John R. Tunheim_____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                                        Chief Judge
                                       United States District Court

---

[7] BRP's remaining arguments regarding the manner in which Arctic Cat litigated go to the substantive strength of Arctic Cat's litigating position, which the Court already found does not support finding this case "exceptional."